1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRED HEMPSTEAD, | ) | |
| Petitioner, | ) | No. C 05-4367 CRB (PR) |
| | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| WARDEN, SAN QUENTIN STATE PRISON, | ) | (Docs # 2 & 3) |
| | ) | |
| Respondent. | ) | |
| | ) | |

     Petitioner, a state prisoner incarcerated at San Quentin State Prison ("SQSP") in San Quentin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") July 21, 2004 decision to deny him parole.  He also seeks appointment of counsel and leave to proceed in forma pauperis.

## BACKGROUND

     Petitioner was convicted in the Superior Court of the State of California in and for the County of Santa Clara of second degree murder with use of a firearm and sentenced to a indeterminate term of 17 years to life in state prison.

     Petitioner has been found not suitable for parole each time he has appeared before the BPT.  On October 12, 2005, the Supreme Court of California denied his challenge to the BPT's decision of July 21, 2004.

**DISCUSSION**

A.      Standard of Review

        This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

        It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.      Legal Claims

        Petitioner seeks federal habeas corpus relief from the BPT's July 21, 2004 decision finding him not suitable for parole on the ground that the decision does not comport with due process.  Among other things, petitioner contends that the decision is not supported by some evidence in the record having an indicia of reliability and that it is instead based on the unchanging facts of his offense. Liberally construed, petitioner's claims appear colorable under § 2254 and merit an answer from respondent.  See Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

C.      Motion for Appointment of Counsel

        Petitioner's motion for appointment of counsel (doc # 3) is DENIED without  prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claims for relief in the petition and an order to

show cause is issuing.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The court will appoint counsel on its own motion if a evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      Petitioner's motion to proceed in forma pauperis (doc # 2) is DENIED as moot.  The record shows that petitioner paid the requisite filing fee.

2.      The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his

/

/

3

receipt of the answer.

SO ORDERED.

DATED:  Feb. 27, 2006

CHARLES R. BREYER
United States District Judge

4