IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED HEMPSTEAD,            )<br>                                           )<br>        Petitioner,              )<br>                                           )<br>    vs.                                 )<br>                                           )<br>WARDEN, SAN QUENTIN STATE )<br>PRISON,                            )<br>                                           )<br>        Respondent.          )<br>_____ ) | No. C 05-4367 CRB (PR)<br><br>ORDER |

       On October 26, 2005, petitioner filed the instant action for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") July 21, 2004 decision to deny him parole.  Among other things, petitioner claims that the evidence does not support the BPT's decision and that he exhausted state judicial remedies when, on October 12, 2005, the Supreme Court of California denied his challenge to the BPT's July 2004 decision.

       On February 27, 2006, the court found that petitioner's claims appear cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent has since filed an answer to the order to show cause and petitioner has filed a traverse.

On December 6, 2006, petitioner filed a new petition for a writ of habeas corpus under § 2254 alleging that on December 2, 2005, the California Board of Parole Hearings ("BPH") (formerly BPT) found him suitable for parole. On April 17, 2006, the governor exercised his discretion and reversed the BPH's decision, however.

Although petition may challenge the governor's decision in his new habeas action, it appears that the BPH's December 2005 decision finding petitioner suitable for parole may have rendered moot petitioner's instant challenge to the BPT's July 2004 decision finding him not suitable for parole. See, e.g., Smith v. Brown. No. C 04-3983 VRW (PR) (N.D. Cal. Oct. 27, 2006) (finding subsequent decision granting parole rendered moot challenge to earlier decision denying parole, despite governor's reversal of subsequent decision).

Within 30 days of this order, respondent shall file a brief addressing whether BPH's December 2005 decision finding petitioner suitable for parole rendered moot petitioner's instant challenge to the BPT's July 2004 decision finding him not suitable for parole. Petitioner may file a response within 30 days after service of a copy of respondent's brief.

SO ORDERED.

DATED: December 11, 2006

CHARLES R. BREYER
United States District Judge

2