IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED HEMPSTEAD,  )<br>         )<br>     Petitioner,  )<br>         )<br>     vs.  )<br>         )<br>CALIFORNIA BOARD OF PAROLE  )<br>HEARINGS,  )<br>         )<br>     Respondent.  )<br>_____ ) | No. C 05-4367 CRB (PR)<br><br>ORDER |

## INTRODUCTION

Fred Hempstead, a prisoner at San Quentin State Prison, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prisoner Terms' ("BPT") decision of July 21, 2004 finding him not suitable for parole.

On February 27, 2006, the court found that petitioner's claim appears cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent filed an answer and petitioner filed a traverse.

On December 6, 2006, petitioner filed a second petition for a writ of habeas corpus under § 2254 alleging that on December 2, 2005, the California Board of Parole Hearings ("BPH") (formerly BPT) found him suitable for parole, but on April 17, 2006, the governor exercised his discretion and reversed the BPH's decision. Petitioner's challenge to the governor's reversal of his parole grant is the subject the second petition and is not before the court at this time.

The only issue before the court at this time is whether the BPH's December 2005 decision finding petitioner suitable for parole rendered moot petitioner's instant challenge to the BPT's July 2004 parole denial. Per order filed on December 11, 2006, the court ordered respondent to address this matter. Respondent filed an answer in response to the court's order and petitioner filed a supplemental traverse.

## DISCUSSION

The case or controversy requirement of Article III of the United States Constitution deprives a court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). To satisfy the Article III case or controversy requirement, the petitioner "must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The party asserting mootness bears the burden of establishing that there is no "effective relief" remaining that the court could provide. Southern Oreg. Barter Fair v. Jackson County, 372 F.3d 1128, 1134 (9th Cir. 2004).

The instant action challenging the BPT's July 2004 decision was rendered moot by the BPH's subsequent December 2005 decision finding petitioner suitable for parole. The alleged injury – a constitutionally deficient parole suitability hearing – cannot be redressed effectively with a new parole hearing

because petitioner has already received that relief from the BPH. Petitioner's petition has lost its character as a present, live controversy because the alleged injury cannot be redressed by a favorable judicial decision against the BPH. Accord Smith v. Brown, No. C 04-3983 VRW (PR) (N.D. Cal. Oct. 27, 2006) (finding subsequent decision granting parole rendered moot challenge to earlier decision denying parole, despite governor's reversal of parol grant).

Petitioner claims that the BPH's December 2005 decision finding him suitable for parole does not moot his challenge to the BPT's July 2004 parole denial because he still has not been released on parole and, because the governor and the BPT/BPH are essentially the same decision-making body, his continuing injury is still traceable to respondent. He also claims that the protracted process of exhausting state remedies and the frequency of BPT/BPH hearings qualifies for the "capable of repetition yet evading review" exception to mootness. The claims are without merit.

Contrary to petitioner's assertions, there is no injury that is likely to be redressed by a favorable judicial decision against the BPH where, as here, the adverse decision has been superseded by a favorable BPH decision. The most favorable relief this court could grant petitioner is a new BPH parole hearing. But because petitioner has already received a new BPH hearing and has been granted parole by the BPH, there is no continuing injury addressable to the BPH to which this court could provide relief. Petitioner's present, live controversy is with the governor and is the subject of his pending second habeas petition.

Petitioner's reliance on cases where the court has ordered the immediate release of the petitioner, rather than a new BPH hearing, do not compel a different conclusion. In those cases, the petitioner challenged the governor's parole reversal rather than a prior BPT/BPH finding of parole unsuitability.

Where the petitioner challenges the governor's reversal, the proper judicial remedy may preclude a new parole hearing because the BPH has already granted parole suitability and petitioner does not contest this decision. Instead, the court may find that proper habeas relief would require a remand to the governor for reconsideration or possibly immediate release from custody. See, e,.g., Thomas v. Brown, No. C 05-1332 MHP (PR), 2006 WL 3783555, at *11 (N.D. Cal. Dec. 21, 2006) (finding governor's reversal of BPT parole grant was not supported by some evidence and ordering petitioner's immediate release from prison); Martin v. Marshall, 448 F. Supp. 2d 1143, 1145 (N.D. Cal. 2006) (same). Such relief may well be in order if petitioner prevails in his second petition challenging the governor's reversal of parole. It would be inappropriate in the context of this petition.

Petitioner's present, live controversy arises from the decision of the governor to reverse the BPH's grant of parole. The governor is not a party to the instant petition and the instant petition does not challenge the governor's independent parole decision. Petitioner's challenge to the governor's action is the subject of his second petition. In a similar situation, the Supreme Court of California found, "Even though the goal of both habeas corpus proceedings was to obtain petitioner's release on parole, each petition challenged, on different grounds, separate parole decisions made by independent parole authorities. Accordingly, we determine that the two proceedings constitute separate cases." In re Rosenkrantz, 29 Cal. 4th 616, 669 (2002).

Petitioner's contention that the governor and BPT/BPH are essentially the same decision-making body and that the governor's April 2006 reversal involves the same issues and parties as the BPT's July 2004 parole denial is without merit. While gubernatorial review of parole determinations must be supported by some

4

evidence and is limited to the same factors considered by the BPT/BPH, the governor still "undertake[s] an independent, de novo review of the prisoner's suitability for parole." Id. at 660.  The governor's decision may rely upon factors or evidence not discussed in the BPH decision and "the determination whether some evidence supported the particular findings forming the basis for the Governor's decision is not the same as the determination whether some evidence supported the factual basis for the Board's decisions." Id. at 670.

      Petitioner claims that his challenge to parole denial falls within the narrow "capable of repetition yet evading review" exception to the mootness doctrine. To qualify for this exception, petitioner must demonstrate that: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy v. Hunt, 455 U.S. 478, 482 (1982); see Hubbart v. Knapp, 379 F.3d 773, 777 (9th Cir. 2004) (finding that habeas petition challenging a two-year commitment under California's Sexual Violent Predators Act evaded review because its duration was too short to be fully litigated prior to its expiration).

      Petitioner's challenge to parole denial may satisfy the duration prong under "capable of repetition yet evading review" because it is difficult for a prisoner to complete state exhaustion and receive a ruling on the merits on a subsequent federal habeas petition in the one or two years between parole hearings.  Considering "the frequency with which parole hearings are held, the time it takes for a petitioner to exhaust state court remedies with respect to each claim, and the time required for a decision in this court, it is possible that petitioner's claims as to a particular suitability hearing could always be considered 'moot' at the time a decision is rendered." Hodge v. Carey, No. CIV

S-02-2157 DFL EFB P, 2007 WL 163247, at *3 (E.D. Cal. Jan 18, 2007).

Petitioner does not demonstrate that there is a "reasonable expectation" that he will be subjected to the same injury again, however. Petitioner's injury in this instant action stems from the BPT's July 2004 decision finding him unsuitable for parole. In light of the BPH's December 2005 decision finding him suitable for parole, petitioner has no real expectation that he will be subjected to the same injury as alleged in the instant action. The possibility that the BPH will again find petitioner unsuitable for parole, without "some evidence" supporting the decision, is simply too speculative and remote at this time to qualify for the cited exception to mootness. See Murphy, 455 U.S. at 482-83.

## CONCLUSION

For the foregoing reasons, the court finds that the BPH's December 2005 decision to grant parole rendered moot petitioner's instant action challenging the BPT's July 2004 decision to deny parole. The instant action is DISMISSED.

Petitioner's present, live controversy lies with the governor's April 2006 decision to reverse the BPH's December 2005 parole grant and is the subject of petitioner's separate, pending petition in this court.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED: March 22, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.05\Hempstead1.or3.wpd.

6